# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BEST ASSETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 09 C 4259 |
| | ) | |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| BEST ASSETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 09 C 4260 |
| | ) | |
| SECRETARY OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Best Assets, Inc. sued the United States Department of Housing & Urban Development (HUD) and others, including an entity called Harrington Moran Barksdale, Inc. (HMBI), in two different Illinois state courts, asserting claims for breach of contract and *quantum meruit*, and seeking to impose and foreclose upon mechanic's liens on HUD-owned properties. Best Assets' claims against HUD arise out of HMBI and HUD's alleged failure to pay Best Assets for services it performed relating to the properties. HUD removed both cases to this Court pursuant to 28 U.S.C. §1442.

HUD has moved to dismiss the breach of contract and *quantum meruit* claims on

sovereign immunity grounds and for lack of subject matter jurisdiction, and it argues that the mechanic's lien claims should be dismissed, and the liens declared invalid, for the same reasons. For the reasons stated below, the Court grants HUD's motions.

## Background

The Court takes the following facts from the allegations in Best Asset's complaints. HUD owns the Illinois properties at issue in this lawsuit, which are residential properties located in Cook County and Lake County. HUD contracted with HMBI to provide property management services relating to the properties and gave HMBI permission to enter into contracts affecting the properties. HMBI contracted with Best Assets to manage the properties for HMBI in return for fees (HUD is not a party to the HMBI–Best Assets contracts). Best Assets alleges that it furnished and delivered the materials, fixtures, services and labor required under its contracts with HMBI and that HMBI and HUD accepted all of it. These materials and services allegedly constitute permanent and valuable improvements to the properties. Best Assets has requested that HMBI and HUD pay the balance due on the contracts, a total exceeding $300,000, but HMBI and HUD have failed to pay.

Best Assets filed suit in Cook County and Lake County seeking to recover for breach of contract or, alternatively, for *quantum meruit*, and to impose and foreclose upon mechanic's liens on the properties. HUD removed both cases to federal court. The Cook County case is Case Number 09 C 4259; the Lake County case is Case Number 09 C 4260.

## Discussion

HUD bases its motion to dismiss on Federal Rules of Civil Procedure 12(b)(1).

2

"In ruling on a motion under Rule 12(b)(1), [a] district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). To determine whether subject matter jurisdiction exists, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). The party asserting jurisdiction has the burden of proof, and the Court is free to weigh the evidence to determine whether jurisdiction has been established. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

**1.     Breach of contract claims**

Best Assets contends that HUD and HMBI are jointly and severally liable for damages resulting from HMBI's breach of contract with Best Assets. HUD argues that the Court lacks jurisdiction, because the jurisdiction of a federal court upon removal is derivative of that of the state court, and sovereign immunity bars breach of contract suits against HUD in state court. HUD also argues that pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over breach of contract claims that allege more than $10,000 in damages against a federal agency.

Best Assets contends that HUD is collaterally estopped from arguing that an Illinois state court lacks jurisdiction and thus from arguing the federal court's lack of jurisdiction. It also contends that an Illinois state court's jurisdiction to adjudicate mechanic's liens gives a state court jurisdiction in this case. Best Assets has not directly addressed HUD's argument that the Court of Federal Claims has exclusive jurisdiction over the breach of contract claim.

3

As an initial matter, the Court rejects Best Assets' collateral estoppel argument. HUD points out that it was not a party to the suits on which Best Assets relies for the estoppel. Thus, assuming for purposes of discussion that the government could be barred by collateral estoppel from asserting sovereign immunity or lack of jurisdiction, there is no basis to impose such a bar in this case. Best Assets cites no authority suggesting otherwise.

A court has no jurisdiction to entertain a suit against the United States except where Congress has consented. *See, e.g., United States v. Testan*, 424 U.S. 392, 399 (19 76). The terms of any consent to be sued in any court define that court's jurisdiction to entertain the suit. *Id.*

The United States has not consented to suit in state court, or for that matter in federal district court, for breach of contract actions in the amounts involved in these cases. The Tucker Act gives the Court of Federal Claims has jurisdiction to hear and decide claims arising from "any express or implied contract" with the United States or a federal agency. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Federal district courts have concurrent jurisdiction with the Court of Federal Claims for express or implied contract claims under $ 10,000. For claims in amounts greater than $10,000, however, the Court of Federal Claims' jurisdiction is exclusive. *E.g., United States v. Adams*, 634 F.2d 1261, 1266 (10th Cir. 1980).

Each of Best Assets' suits involves a claim exceeding $10,000. As a result, neither the state courts in which Best Assets filed suit, nor this Court, has jurisdiction over the claim. Rather, exclusive jurisdiction lies in the Court of Federal Claims.

**2.**     ***Quantum meruit* claims**

Best Assets asserts alternative claims for *quantum meruit*, contending that in the event that the Court finds its contracts with HMBI unenforceable, it would be unjust for HUD to retain the improvements made on the properties without reimbursing Best Assets. HUD argues that the Tucker Act vests in the Court of Federal Claims exclusive jurisdiction over *quantum meruit* claims exceeding $10,000 and thus the Court lacks jurisdiction over Best Assets' claims because they exceed $300,000 in amount.

HUD relies on *Stevens Van Lines, Inc. v. United States*, 80 Fed. Cl. 276 (Fed. Cl. Ct. 2008), for the proposition that the Tucker Act confers the Court of Federal Claims with jurisdiction over *quantum meruit* claims. That case, however, addresses the Court of Federal Claims' jurisdiction over a claim based on an "implied-in-fact" contract. A claim for *quantum meruit*, however, is based on the concept of a contract implied in law; it is not really a claim for breach of a contract, express or implied. *See, e.g., A.L. Rowan & Son, General Contractors, Inc. v. Dep't of Housing & Urban Dev.*, 611 F.2d 997, 1000 (5th Cir. 1980) (claim for unjust enrichment). "The Tucker Act does not give a right of action against the United States in those cases where, if the transaction were between private parties, recovery could be held upon a contract implied in law." *Merritt v. United States*, 267 U.S. 338, 341 (1925); *A.L. Rowan & Son*, 611 F.2d at 1000. As such, the claim is not within the scope of consent to jurisdiction provided by the Tucker Act. Best Assets cites no other statutory waiver of sovereign immunity or conferral of jurisdiction for *quantum meruit* claims. In short, the claims, as least as filed in state court or in this Court, are barred by sovereign immunity.

The Court notes, however, that the Court of Federal Claims has jurisdiction over a *quantum meruit* claim that, as in this case, arises "out of the same transaction" as a

contractual claim in the suit over which the Court of Federal Claims would have jurisdiction. *A.L. Rowan & Son*, 611 F.2d at 1001. Thus assuming Best Assets were to pursue its breach of contract claims in the Court of Federal Claims, it could include in that suit its alternative *quantum meruit* claims.

**3.     Mechanic's lien claims**

Best Assets argues that HMBI and HUD's refusal to pay for the improvements that it conferred onto HUD-owned properties entitles it to impose and foreclose upon liens on the properties. HUD argues that sovereign immunity bars Best Assets from foreclosing and imposing liens upon HUD or other federally owned property.

Under Illinois law, a person has a mechanic's lien on a property if the person has "by contract" with "the owner of the property" or with someone "whom the owner has authorized or knowingly permitted to contract . . . to improve" the property. 770 ILCS 60/1. Best Assets improved HUD-owned properties in accordance with the contract it had with HMBI, HUD's authorized agent. Thus even if Best Assets has no viable breach of contract or *quantum meruit* claims directly against HUD, it might, in theory, be able to assert mechanic's liens against the properties.

Sovereign immunity, however, bars the imposition of liens on federally owned property. *See F.J.W. Bateson Co. v. United States ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Industry Pension Fund*, 434 U.S. 536, 539 (1978) ("a lien cannot attach to Government property"); *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 122 (1974) (same). The Court therefore agrees with HUD that Best Assets' mechanic's liens claims must be dismissed, *see also United States v. Lewis County*, 175 F.3d 671, 678 (9th Cir. 1999), and the purported liens must be

vacated.

## Conclusion

For the foregoing reasons, the Court grants HUD's motions to dismiss in Case No. 09 C 4259 and Case No. 09 C 4260. The Clerk is directed to enter judgment in each case stating as follows: Plaintiff's claims against the Department of Housing and Urban Development; any and all mechanic's liens placed on the HUD-owned properties involved in the case are vacated; and all remaining claims are dismissed for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 5, 2009